IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| SONIA RAMOS-SANCHEZ, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: CBD-19-389 |
| FIRST TRANSIT, INC., *et al*. | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

Before the Court is Plaintiff's Motion to Substitute Parties in Interest ("Plaintiff's Motion"). ECF No. 41. The Court has reviewed Plaintiff's Motion, the opposition thereto, and Plaintiff's reply. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

### I. Factual Background

Plaintiff's claim arises from injuries she sustained on a Metro Access bus on July 1, 2017. Am. Compl. ¶ 4–8, ECF No. 2. Plaintiff is a left leg amputee and as a result, she is wheelchair bound. *Id.* at ¶ 6. An employee of Defendant First Transit picked up Plaintiff to transport her to a doctor's appointment and loaded her onto the Metro Access bus. *Id.* at ¶ 5, 7. On the way to the appointment, the driver drove over a speedbump, and Plaintiff fell out of her wheelchair. *Id.* at ¶ 8. Plaintiff contends that she sustained injuries because the driver did not secure her in her wheelchair when she was loaded onto the bus. *Id.* at ¶ 7–8.

1

Plaintiff filed a Complaint in the Circuit Court of Maryland for Montgomery County on November 7, 2018. Notice of Removal, Ex. 1, ECF No 1. On February 8, 2019, the matter was removed to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331. *Id.* On September 16, 2020, the parties filed a Fifth Joint Motion to Modify Scheduling Order and stated that Plaintiff passed away on August 20, 2020. ECF No. 37.

**II.    Analysis**

Plaintiff asserts that an estate has been opened in Ms. Sonia Ramos-Sanchez's name, and that her children, Sarai Andrea Martell and Ronald Avalos, are the personal representatives of her estate. Pl.'s Mot. ¶ 2–3. Plaintiff's counsel states that he has been retained to represent the estate. *Id.* at ¶ 4. Defendants aver that Plaintiff's Motion is insufficient to satisfy the requirement for substitution upon the death of a party pursuant to Federal Rule of Civil Procedure 25. Defs.' Mot. ¶ 2–3, ECF No. 44. Specifically, Defendants claim Plaintiff did not serve a statement or suggestion of death on Defendants noting Plaintiff's death. *Id.* at ¶ 4. Defendants also argue that as of November 13, 2020, Plaintiff's estate was closed, and as such "Ms. Martell and Mr. Avalos have no authority to act on behalf of the Estate." *Id.* at ¶ 7. This Court finds Defendants' arguments unpersuasive.

**A. Maryland's Survival Statute**

Under Maryland's survival statute:

> a personal representative may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted. . .

Md. Code Ann., Est. & Trusts § 7-401(y)(1) (West). "It is well-settled law in Maryland . . . that a cause of action at the time of death survives the death of a person." *Ringdahl v. Afsharjavan*, No. 8:18-CV-01006-PX, 2020 WL 2795358, at *3 (D. Md. May 29, 2020) (citing *Jones v.*

*Prince George's Cnty, Md.,* 541 F. Supp. 2d 761, 764 & n. 6 (D. Md. 2008) *aff'd,* 355 F. App'x 724 (4th Cir. 2009)); *see* Md.Code Ann., Cts. & Jud. Proc. § 6–401 (West) ("a cause of action at law, whether real, personal, or mixed, survives the death of either party"). In other words, the survival statute allows the survival of a cause of action that the decedent had in his lifetime. *Dembeck-Weiss v. United States*, No. CIV. CCB-06-3206, 2007 WL 1657418, at *6 (D. Md. May 21, 2007) (citing *Beynon v. Montgomery Cablevision Ltd. P'ship,* 718 A.2d 1161, 1168 (Md.1998) (quoting *Stewart v. United Elec. Light & Power Co.,* 65 A. 49, 52 (1906))).

Maryland Courts have held that "the personal representative of a decedent, in bringing a survival action, stands in the shoes of the decedent for purposes of a claim the decedent brought or could have brought while living." *Dembeck-Weiss v. United States*, 2007 WL 1657418, at *6; see *also Johnson v. Golden*, No. 939, SEPT. TERM,2019, 2020 WL 3412935, at *7 (Md. Ct. Spec. App. June 22, 2020) (stating that "a personal representative stands in the place of the decedent."). The personal representative can continue the claim and seek "recovery for the injuries suffered by the [decedent] and prosecute [it] just as if the [decedent] were still alive." *See Hirpassa v. Prince George's Cty., Md.*, No. RWT 09CV2631, 2010 WL 2730651, at *6 (D. Md. July 9, 2010), aff'd sub nom. *Hirpassa v. Prince George's Cty. Gov't*, 406 F. App'x 739 (4th Cir. 2010) (citing *Benjamin v. Union Carbide Corp.,* 162 Md.App. 173, 873 A.2d 463, 480 (Md.Ct.Spec.App.2005); (Md.Code Ann., Est. & Trusts § 7–401(y))).

In survival actions, "the personal representative of the [decedent] may sue to . . . recover . . . the damages that the [decedent] would have been able to recover had he or she . . . survived." *Smith v. Borello*, 370 Md. 227, 233, 804 A.2d 1151, 1154, 50 F. App'x 107 (4th Cir. 2002) (citing Maryland Code, § 6–401 of the Courts and Judicial Proceedings Article; *Jones v. Flood,*

351 Md. 120, 122–23, 716 A.2d 285, 286 (1998); *Beynon v. Montgomery Cablevision,* 351 Md. at 474–75, 718 A.2d at 1168 (1998)).

Here, Plaintiff Ramos-Sanchez, filed an action for negligence against Defendants before her death. As Ms. Martell and Mr. Avalos, serve as the personal representatives of Ms. Ramos-Sanchez' estate, they can "stand in the shoes of [Ms. Ramos-Sanchez] for the cause of action that she initially filed." *Dembeck-Weiss v. United States*, 2007 WL 1657418, at *6. They are also entitled to any damages that Ms. Ramos-Sanchez, would have been able to recover had she survived. *Smith v. Borello*, 370 Md. at 233, 804 A.2d at 1154, 50 F. App'x 107 (4th Cir. 2002). Accordingly, the Court finds that Maryland's survival statute allows the personal representatives of the estate to continue Ms. Ramos-Sanchez' cause of action despite her death.

### B. Substitution of Parties

Although the Court has determined that the personal representatives of Ms. Ramos-Sanchez estate are legally permitted to continue this lawsuit, the Court must determine whether substitution was proper in this case. Under Federal Rule of Civil Procedure 25:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). The advisory committee notes of Federal Rule of Civil Procedure 25 state that:

> A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. . . . If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record.

*See* Fed. R. Civ. P. 25(a) advisory committee's note to 1963 Amendment.

This Court has stated that "proper parties to move for substitution under Rule 25(a)(1) include parties to the litigation, legal successors to the decedent, and representatives of the estate." *Wolfe v. CareFirst of Maryland, Inc.*, No. CIV. CCB-10-2606, 2011 WL 6013832, at *1 (D. Md. Nov. 30, 2011) (citing *Fariss v. Lynchburg Foundry,* 769 F.2d 958, 962 (4th Cir.1985)).

Although Plaintiff did not file a suggestion or statement of death before filing Plaintiff's Motion, this Court agrees with Plaintiff that the rule does not require a statement of suggestion of death to precede a substitution motion. Pl.'s Reply 2, Fed. R. Civ. P. 25. Defense counsel concedes that Plaintiff's counsel notified him on August 20, 2020 of Plaintiff's death. Defs.' Mot. ¶ 4. Joint motions for extensions were filed and docketed on September 16, 2020, and December 29, 2020; and both motions referenced Plaintiff's passing as a reason for modifying the scheduling order. ECF Nos. 37, 39. Defendants relied on Plaintiff's representations to join in the joint motions to continue so they were aware of Plaintiff's death. The Court will not entertain any arguments from Defendants that a statement or suggestion of death was not filed. Defs.' Mot. ¶ 4. Plaintiff died on August 20, 2020, and Plaintiff's Motion was filed on March 28, 2021. ECF No. 41. Both parties had several months to file a suggestion or statement of death. However, as neither party did and the rules do not require Plaintiff to file a statement or suggestion of death prior to a motion for substitution, the Court finds Defendants argument unpersuasive.

Defendants also have not pointed to any Maryland authority to support their argument that a motion for substitution, must be accompanied by "letters of administration, birth certificates for [the personal representatives] confirming that they are [Plaintiff's children], or any other documentation concerning the opening of the estate." Defs.' Mot. ¶ 6. Plaintiff provided supplemental documentation including Plaintiff's death certificate, and a document that

5

shows the estate was opened, to the Court's satisfaction. *See* Pl.'s Reply Mot., Ex. A, ECF No. 45. The Court does not find nor does the evidence support that Defendants were prejudiced by a delay in the filing of Plaintiff's supplemental evidence.

Defendants also contend that Ms. Martell and Mr. Avalos cannot act on behalf of the estate because it has been closed since November 13, 2020. Defs.' Mot. ¶ 7. This argument also fails. As stated above, Maryland law states that personal representatives may prosecute claims which the decedent may have commenced or prosecuted. Md. Code Ann., Est. & Trusts § 7–401(y). Personal representatives of an estate are proper parties to move for substitution under Federal Rule of Procedure 25. *Wolfe*, 2011 WL 6013832, at *1; *J. v. Genuine Title, LLC*, No. CV RDB-14-0081, 2016 WL 1732622, at *3 (D. Md. May 2, 2016) (granting the motion to substitute for the personal representatives of a decedent); *Ringdahl*, 2020 WL 2795358, at *3 (granting the motion to substitute the estate as the proper party).

Here, Plaintiff provided documents that Ms. Martell and Mr. Avalos are personal representatives of Plaintiff's estate. Pl.'s Reply, Ex. A–4. Plaintiff also provided correspondence from the Register of Wills that the estate would not need to be reopened for it to continue the lawsuit. *Id.* at Ex. B. The Court finds Plaintiff's argument persuasive that even if the estate is closed, the personal representatives of the estate can continue to prosecute this case. Md. Code Ann., Est. & Trusts § 7-401(y)(1) (West); Pl.'s Reply Mot. 3. The Court also finds that Plaintiff's Motion for substitution was properly filed.

## I. Conclusion

For the reasons set forth above, Plaintiff's Motion is Granted.

June 21, 2021                                               /s/
                                                  Charles B. Day
                                                  United States Magistrate Judge

CBD/pjkm